# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 2:16-009-1 |
| | ) | CR 2:16-016-1 |
| ROBERT SEABRUM, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Robert Seabrum's motion for early termination of supervised release. Dkt. No. 113. For the reasons below, the motion is **DENIED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to two counts of traveling in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. §§ 2, 2421(a). Dkt. Nos. 12, 15. On February 8, 2017, Defendant was sentenced to a total of 120 months' imprisonment, followed by five years of supervised release. Dkt. No. 15. The Court further ordered special conditions of supervision, as well as a $200 special assessment. Id.

On or about June 4, 2024, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. Defendant has completed twenty-four months of his sixty-month term of supervision and now moves the Court for early termination of same. Dkt. No. 113.

In his motion, Defendant states he has been in full compliance with the terms of his supervision. Id. The Court notes that all urine samples submitted by Defendant have returned with negative results, and he has paid his special assessment in full. However, Defendant has served less than half of his term of supervision, and national policies do not support early termination for individuals identified as sex offenders.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court commends Defendant for the positive strides he has made while under supervision. However, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction. After consideration, the Court finds that continued supervision is in Defendant's best interest, and his motion for early termination, dkt. no. 113, is **DENIED**.

2

SO ORDERED this  17  day of June, 2026.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3